Filed 10/8/14  P. v. Davis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C074985 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13238) |
| v. | |
| DANIEL LAVERN DAVIS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Daniel Lavern Davis has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no errors, we affirm the judgment.

1

FACTS AND PROCEEDINGS

Defendant and Danny Carson met and became friends in 2011 when Carson got out of prison. The two often worked together and defendant often drove Carson to jobs. Defendant had previously dated Carson's wife. Carson was going to divorce his wife, Teresa, and, as a favor to Carson, defendant let Teresa live with him because of her mental health problems. Carson and defendant had no problems until March 24, 2013.

In March 2013 defendant went to visit his friend Sam Trivette. Since defendant had been drinking, he asked Trivette to drive him home. Trivette drove defendant's truck, defendant rode in the passenger seat and a woman was in the back seat. Trivette's wife followed behind them. Defendant asked Trivette to stop on the way to his house. They stopped at a house and defendant got out of the truck. Trivette saw defendant and another taller man standing nearby.

At about 8:30 p.m., Carson's roommate told him defendant was looking for him. They talked about a roof defendant wanted Carson's help with. Carson invited defendant inside, but defendant suggested they walk down the driveway. Defendant invited Carson to "party" and Carson declined the offer. He agreed to work with defendant the next day. They did not argue, but at the end of the driveway, defendant repeatedly hit Carson in the head. Carson saw defendant's truck coming down the street with a man inside he did not know. Carson yelled for his friends. When his friends came running down the driveway, defendant left.

Defendant testified he talked to Carson about Teresa, and that it was no longer convenient having her stay with him. Carson got upset during the conversation and took a swing at defendant, hitting him on the forehead. Defendant hit Carson in the face three or four times, there was a struggle and they fell to the ground. After about 15 seconds of fighting, they agreed it was enough. Carson walked up the driveway and defendant went to his truck.

A few days later, defendant was arrested and interviewed by Deputy Knight. Defendant denied knowing Sam Trivette's last name, and he lied about what happened until Deputy Knight "got" him to confess that the incident was mutual combat. Carson was the initial aggressor and defendant acted in self-defense.

An amended information charged defendant with attempted kidnapping (Pen. Code, §§ 664, 207, subd. (a); statutory references that follow are to the Penal Code) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)). The information also alleged that defendant had served a prior prison term. (§ 667.5, subd. (b).)

A jury found defendant guilty of assault with force likely to produce great bodily injury. The jury deadlocked on the attempted kidnapping charge and the prosecutor dismissed it. Outside the presence of the jury, defendant admitted he had served a prior prison term.

The trial court sentenced defendant to the middle term of three years on the assault conviction, plus one year for the prior prison term conviction, for a total of four years. The trial court awarded defendant 256 days of presentence custody credits and imposed a $1,120 restitution fine (§ 1202.4, subd. (b)), imposed and suspended a $1,120 parole revocation fine (§ 1202.45), imposed a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief and defendant has not done so.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

HULL              , J.

We concur:

RAYE              , P. J.

DUARTE            , J.